IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNIE EDGAR WARWICK,

        Petitioner,

v.                                                          Civil Action No. 5:11-cv-114

KUMA DEBOO, Warden

        Respondent.

**REPORT AND RECOMMENDATION AND ORDER**

On August 17, 2011, the *pro se* petitioner, Johnnie Edgar Warwick, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 requesting that his conviction be reversed. Petitioner did not file his petition on the proper form, and a deficiency notice dated August 18, 2011 (Dkt. No. 5) gave him twenty-one days from August 18, 2011 to re-file on the correct forms. Petitioner then filed a Motion to Proceed on the Original Pleadings on August 29, 2011. That Motion was denied on September 13, 2011, but this Court gave Petitioner twenty-one more days to re-file the petition on the correct form. Petitioner filed his petition on the correct form on September 28, 2011. This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

**I. FACTUAL AND PROCEDURAL HISTORY**

On December 3, 1996, Petitioner was indicted in the United States District Court for the Eastern District of Tennessee on eight counts of distributing marijuana in violation of 21 U.S.C § 841(a)(1) and four counts of using or carrying a firearm during and in relation to drug trafficking

1

offenses in violation of 18 U.S.C § 924(c). On March 25, 1997, Petitioner waived his right to a trial by jury and on March 26, 1997, Petitioner pled guilty to Counts one, two, four, six, seven, nine, ten and eleven. On July 16, 1997, the Honorable James H. Jarvis found Petitioner guilty as to Counts three, five and eight, and not guilty as to Count twelve. On July 17, 1997, Petitioner was sentenced to 60 months as to Count three to run consecutively with 240 months as to Count five, which was also to run consecutively with 240 months as to Count eight. Petitioner was also sentenced to four months as to each of Counts one, two, four, six, seven, nine, ten, and eleven to run concurrently to one another and consecutively to the sentence imposed on Counts three, five, and eight. Petitioner was also sentenced to two years of supervised release and a $1,100 special assessment fee.

Petitioner has filed numerous actions in the United States District Court for the Eastern District of Tennessee and in the Sixth Circuit Court of Appeals seeking relief from his conviction. Petitioner's first post-conviction proceeding was a Notice of Appeal filed on August 12, 1997. In his appeal, Petitioner argued that the government did not present sufficient evidence to support a finding that he carried a firearm in relation to narcotics sales as to Counts three, five and eight of the indictment. On February 10, 1999, the Court of Appeals for the Sixth Circuit affirmed the decision of the District Court. United States v. Warwick, 167 F.3d 965 (6th Cir. 1999). Then, on April 26, 1999, Petitioner filed a Petition for Writ of Certiorari, which the Supreme Court denied on June 7, 1999.

Thereafter, on May 30, 2000, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 in the United States District Court for the Eastern District of Tennessee where it was assigned civil docket number 3:00-cv-321. In his Motion, Petitioner alleged (1) ineffective assistance of counsel, (2) a change in the law with respect to a motion for

downward departure and sentencing entrapment, (3) lack of jurisdiction with respect to the drug and gun charges, and, via an amendment to the Motion, (4) entitlement to relief in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court denied the Motion on November 24, 2005. Warwick v. United States, No. 3:00-CV-321, 2005 WL 2740869 (E.D. Tenn. Oct. 24, 2005). On January 12, 2006, Petitioner filed a Notice of Appeal, construed as an application for a certificate of appealability, and it was denied by the Sixth Circuit Court of Appeals on September 18, 2006.

## II. PETITIONER'S CLAIMS

On August 17, 2011, Petitioner filed his pending motion under 28 U.S.C. § 2241.[1] In this motion, Petitioner makes the following arguments:

(1) His 540 month sentence for using a firearm during a drug trafficking offense is illegal in light of Abbot Gould v. United States, 131 S. Ct. 18 (2010) and

(2) His conviction for use of a firearm during a drug trafficking offense is invalid in light of Watson v. United States, 552 U.S. 74 (2007).

## III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. § 2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Thus, a § 2241 petition that challenges a federal conviction and sentence is

---

[1] A §2241 petition must be filed in the district wherein the petitioner is in custody. Therefore, although the petitioner was convicted in the Eastern District of Tennessee, he is currently incarcerated at FCI Gilmer, which is located in the Northern District of West Virginia.

properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant had failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.
    The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.

4

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Although Petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crime for which Petitioner was convicted remains a criminal offense, and therefore Petitioner cannot satisfy the second element of Jones. Although Petitioner has cited Watson v. United States in his Application for Writ of Habeas Corpus and his Memorandum in Support of Petitioner's Application for Writ of Habeas Corpus for the proposition that his conviction for use of a firearm in a drug trafficking case is no longer a crime, Petitioner is mistaken in its application to his case. 552 U.S. 74 (2007). In that case, the Supreme Court held that trading drugs for a gun does not constitute "use" of a firearm during and in relation to a drug trafficking crime. Id. at 83.

Conversely, in this case, the charge against Petitioner never turned on the fact that he "used" a firearm in connection with the sale of marijuana as to Counts three, five and eight of the indictment, but rather that Petitioner "carried" a firearm, which Petitioner does not dispute. The issue thus came down to whether Petitioner had carried a firearm *in relation to* a drug trafficking crime, as required by the statute. See 18 U.S.C. § 924(c)(1)(A) (emphasis added). The Court of Appeals for the Sixth Circuit found that there was sufficient evidence Petitioner had carried a firearm "in relation to" a marijuana sale, noting that the conviction will stand where "the

5

defendant intended to have the firearm available for use during or immediately following the transaction, or if it facilitated the crime by emboldening the defendant." United States v. Warwick, 167 F.3d 965, 971 (6th Cir. 1999). In its decision, the Court noted that Petitioner (1) carried a loaded weapon on each of the three occasions, even though mere sale or display would not have required the weapons to be loaded, (2) the government introduced statements showing that Petitioner was prepared to use the firearm to protect himself, (3) the government introduced evidence that he was well aware of the potential need for firearm protection while conducting a narcotics sale, and (4) when Petitioner was apprehended by the police, he reached into his pocket attempting to access the weapon he was carrying, suggesting that on those occasions when he was carrying a firearm, he was ready to use it to prevent arrest. Id. at 972-73. As to Count twelve, Petitioner is correct that it did involve "use" of a firearm. However, the District Court found him not guilty on this charge, and the Circuit Court affirmed the decision of the District Court, holding that merely trading a shotgun for drugs was not "use" under the statute. United States v. Warwick, 167 F.3d 965, 975 (6th Cir. 1999). Accordingly, Petitioner has not raised an appropriate basis for §2241 relief.

Petitioner also cites Abbot Gould v. United States, 131 S. Ct. 18 (2010), for the proposition that multiple violations of 18 U.S.C 924(c) are not to be stacked. This argument questions the validity of his sentence. Without a showing that a violation of 18 U.S.C. § 924(c) no longer remains a criminal offense, Petitioner cannot satisfy the second element of Jones.

Because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

I order Petitioner's Motion for Expedited Preliminary Review (Dkt. No. 3) is **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 13, 2011

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE