IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNIE EDGAR WARWICK,

    Petitioner,

v.                                    Civil Action No. 5:11CV114
                                              (STAMP)

KUMA DEBOO, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On August 17, 2011, the pro se[1] petitioner, Johnnie Edgar Warwick, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 requesting that the Court vacate his sentence and re-sentence him to a 20-year term of imprisonment.[2] Also on August 17, 2011, the petitioner filed a motion for expedited preliminary review requesting that the Court review his petition immediately to determine if his issues have merit. Because the petitioner did not file his petition on the proper form, the Court entered a deficiency notice and gave him twenty-one days to re-file. On August 29, 2011, the petitioner filed a motion for leave to proceed on the original pleadings arguing that his original application for habeas corpus conforms to the local rules governing prison

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Gilmer.

litigation and should be considered by the Court. The petitioner also requested that should the Court find his original petition to be insufficient, he should be given an additional twenty-one days to resubmit. On September 13, 2011, the Court issued an order denying the petitioner's motion for leave to proceed on the original pleadings and directing him to file his petition on the correct form within twenty-one days. The petitioner filed his petition on the correct form on September 28, 2011.

On October 13, 2011, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation. On October 20, 2011, the petitioner filed a motion for an extension of time to object to the magistrate judge's report and recommendation. This Court granted that motion on October 20, 2011 and directed the petitioner to file any objection to the report and recommendation by November 28, 2011. On December 12, 2011, the petitioner filed untimely objections. Subsequently, the petitioner filed a motion to take judicial notice and a motion to supplement pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, this Court finds that the report

and recommendation by the magistrate judge must be affirmed and adopted in its entirety.

## II. Facts

On December 3, 1996, the petitioner was indicted in the United States District Court for the Eastern District of Tennessee on eight counts of distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and four counts of using or carrying a firearm during and in relation to drug trafficking offenses in violation of 18 U.S.C. § 924(c). On March 26, 1997, the petitioner pled guilty to Counts One, Two, Four, Six, Seven, Nine, Ten, and Eleven. On July 16, 1997, Judge James H. Jarvis found the petitioner guilty as to Counts Three, Five, and Eight, and not guilty as to Count Twelve. The petitioner was sentenced to 60 months imprisonment as to Count Three to run consecutively with 240 months as to Count Five, which was also to run consecutively with 240 months as to Count Eight. The petitioner was also sentenced to four months as to each of Counts One, Two, Four, Six, Seven, Nine, Ten, and Eleven to run concurrently to one another and consecutively to the sentence imposed on Counts Three, Five, and Eight.

The petitioner has filed numerous actions in the United States District Court for the Eastern District of Tennessee and in the United States Court of Appeals for the Sixth Circuit seeking relief from his conviction. His first post-conviction proceeding was a notice of appeal filed on August 12, 1997. The Sixth Circuit ultimately affirmed the decision of the district court, and the

Supreme Court denied the petitioner's subsequent petition for writ of certiorari.

Thereafter, the petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Tennessee. The district court denied that motion on November 24, 2005. On January 12, 2006, the petitioner filed a notice of appeal, which was denied by the Sixth Circuit.

### III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). The petitioner has filed objections in this case. Thus, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

### IV. <u>Discussion</u>

In his § 2241 petition, the petitioner argues: (1) his 540-month sentence for using a firearm during a drug trafficking offense is illegal in light of <u>Abbot v. United States</u>, 131 S. Ct. 18 (2010); and (2) his conviction for use of a firearm during a

4

drug trafficking offense is invalid in light of Watson v. United States, 552 U.S. 74 (2007).

In the report and recommendation, the magistrate judge first discusses the difference between a § 2241 petition and a § 2255 motion. Citing In re Jones, 226 F.3d 328 (4th Cir. 2000), the magistrate judge explains that the petitioner has not raised an appropriate basis for § 2241 relief because he has attacked the validity of his sentence yet failed to demonstrate that § 2255 is an inadequate or ineffective remedy. The magistrate judge states that the petitioner cannot satisfy the second element of the In re Jones test because he cannot show that the conduct for which he was convicted is now deemed not to be criminal. The magistrate judge also states that the petitioner is mistaken in his application of Watson v. United States to this case. In Watson, the Supreme Court held that trading drugs for a gun does not constitute "use" of a firearm during and in relation to a drug trafficking crime. Id. at 83. In this case, the charges against the petitioner never turned on the fact that he "used" a firearm in connection with the sale of marijuana, but rather than he "carried" a firearm. Finally, the magistrate judge holds that the petitioner's argument regarding Abbot v. United States also questions the validity of his sentence, and thus, is improperly included in his § 2241 petition.

The petitioner raises three objections to the report and recommendation: (1) he objects to the magistrate judge's assessment that he "carried" a firearm during the drug transactions enumerated

5

in Counts Three, Five, and Eight; (2) he objects to the magistrate judge's assessment that he did not invoke the "savings clause" with respect to the firearms claim and that he did not meet the second prong of the In re Jones test; and (3) he objects to the magistrate judge's assessment that he has not demonstrated that § 2255 is an inadequate or ineffective remedy to test the validity of the criminal judgment and sentence against him. Again, the petitioner cites to Watson and argues that the conduct for which he was charged has since be deemed not to be a criminal offense. The petitioner also reiterates that his stacked 540-month sentence violates the principles of Abbot.

In his motion to take judicial notice, the petitioner requests that this Court take judicial notice of a pending case in this district, specifically, Johnson v. Deboo, Civil Action No. 2:11-CV-84. According to the petitioner, Johnson raises the same anti-stacking argument and in that case, United States Magistrate Judge David J. Joel found that summary dismissal was not warranted.

In his motion to supplement, the petitioner argues that supplementation of his petition is appropriate in light of recent changes in the law that render the magistrate judge's report and recommendation erroneous. Specifically, the petitioner contends that he is being detained unlawfully since the judgment against him has been rendered illegal by the holding in Abbot. The petitioner then goes on to discuss the anti-stacking rule announced in Abbot and its applicability to his case.

This Court finds that because the petitioner's objections to the report and recommendation were untimely and in violation of this Court's October 20, 2011 order, they must be overruled. However, even if the petitioner's objections had been timely filed, this Court's ruling would remain unchanged. Like his original petition, the petitioner's objections also attack the validity of his sentence, reasserting many of the same arguments.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

This Court agrees that the petitioner has failed to establish the elements required by <u>In re Jones</u>. Specifically, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the <u>In re Jones</u> test and his § 2241 petition must be denied and his objections overruled.

## V. Conclusion

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 is DENIED and DISMISSED WITH PREJUDICE. Further, the petitioner's motion to take judicial notice (ECF No. 16) and his motion to supplement (ECF No. 17) are DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C.

8

§ 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 23, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE